UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARBARA SORENSON, *et al.*                 CIVIL ACTION

VERSUS                                                       NO. 23-1493

MARTIN HURTADO, *et al.*                 SECTION M (1)

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiffs Barbara Sorenson, individually and on behalf of David Sorenson, Nathan Sorenson, Joel Sorenson, Austin Sorenson, and Shannon Quinn.[1] The motion is set for submission on June 29, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance June 21, 2023. Removing defendant Travel + Leisure Co., f/k/a Wyndham Destinations, Inc., f/k/a Wyndham Worldwide Corporation ("Travel + Leisure"), which is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 9.

[2] R. Doc. 9-8.

[3] On May 3, 2023, Defendant Travel + Leisure removed this action, invoking the Court's diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. R. Docs. 1 at 1; 5 at 1. A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The federal district courts have original subject-matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a)(1). The federal removal statute makes clear that "[a] civil action otherwise removable solely on the basis of [diversity subject-matter jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is known as the "forum-defendant rule." *Tex. Brine Co. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). Here, plaintiffs allege that defendant Martin Hurtado is a citizen of Louisiana. R. Doc. 1-2 at 2. Travel + Leisure concedes that Hurdato is a citizen of Louisiana in its notice of removal, R. Doc. 1 at 9, and its amended notice of removal. R. Doc. 5 at 2. Moreover, plaintiffs provide evidence that Hurtado was personally served by the Orleans Parish Sheriff's Office on March 16, 2023, R. Doc. 9-3 at 1, and Travel + Leisure concedes that, "[u]pon information and belief, the only

IT IS ORDERED that plaintiffs' motion to remand (R. Doc. 9) is GRANTED.[4]

IT IS FURTHER ORDERED that the captioned matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 22nd day of June, 2023.

 

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

defendant who has been properly served in this action is Martin Hurtado." R. Doc. 5 at 3. Thus, Hurtado was properly joined and served as a defendant *prior* to Travel + Leisure's removal of the action, and so the action was not removable because Hurtado is a forum defendant. Nevertheless, Travel + Leisure attempts to circumvent the forum-defendant rule by arguing, in its amended notice of removal, that Hurtado was improperly joined. *Id.* at 2. Even assuming that the improper joinder doctrine applies to a *diverse* forum defendant, Travel + Leisure has failed to demonstrate that Hurtado was improperly joined such that his inclusion in the action should be ignored for purposes of removal. A removing defendant can demonstrate improper joinder by showing either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against, typically, the non-diverse defendant in state court. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013). The improper joinder doctrine is a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). "Under the second prong (inability to establish a cause of action), the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Id.* (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross*, 344 F.3d at 462 (emphasis in original). Travel + Leisure does not allege that plaintiffs committed actual fraud in the pleading of jurisdictional facts and fails to satisfy its heavy burden of demonstrating that there is no "reasonable basis for predicting that state law might impose liability" on Hurtado. *Campbell*, 509 F.3d at 669. Therefore, assuming without deciding that the improper joinder doctrine applies in this context (*viz.*, where the inclusion of the forum defendant in the action does *not* defeat complete diversity), Travel + Leisure has failed to demonstrate that Hurtado was improperly joined. Accordingly, remand of the action is proper.

[4] The Court declines to award fees or costs under 28 U.S.C. § 1447(e).

2